UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN ALLEN,

    Plaintiff,

v.                        Case No. 8:20-cv-1846-T-33JSS

RICHARD PACHECO,
COREY SUTTLE, and
THE CITY OF LAKELAND,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Corey Suttle's Motion to Dismiss (Doc. # 22) and the City of Lakeland's Motion to Dismiss (Doc. # 21), both filed on September 29, 2020. Plaintiff John Allen responded on October 13, 2020. (Doc. # 31). For the reasons that follow, the Motions are granted.

## I.   **Background**

In December 2018, "Allen, a police officer for the University of South Florida Police Department, was a passenger in a vehicle which was stopped by members of the Lakeland Police Department for a DUI investigation." (Doc. # 8 at 3). "Officer Sirera told [] Allen not to scream out or interfere with the DUI investigation of the driver of the

1

vehicle." (<u>Id.</u>). In response, "Allen was respectful and calm and assured Officer Sirera that he would not interfere with the investigation." (<u>Id.</u>). He "behaved as promised." (<u>Id.</u>).

"For an unknown reason, Officer Suttle started berating and demeaning [] Allen for no reason at all." (<u>Id.</u>). "Allen responded calmly and was continuously respectful to his fellow law enforcement officers, even when shown great disrespect." (<u>Id.</u>).

Officer Suttle allegedly yelled the following at Allen: "[y]ou're lucky. You just barely missed the threshold for me taking your ass to jail." (<u>Id.</u> at 4). According to the amended complaint, this statement shows that "Officer Suttle would agree that [] Allen had not committed any crime at this point." (<u>Id.</u>). "Officer Suttle and the other officers present continued to berate and demean [] Allen, asking him how long he has been an officer. [] Allen continued to remain calm and politely answered the officers' questions." (<u>Id.</u>).

"The berating of [] Allen by Officer Suttle and the other officers continued and as a result, [] Allen calmly asked Officer Pacheco, 'how long have you been a police officer.'" (<u>Id.</u>). "Immediately thereafter, Officer Pacheco placed [] Allen under arrest for resisting arrest. There was no other

act that occurred between [] Allen's single question and his arrest." (Id.).

"As a result of the arrest, [] Allen spent 1 day in jail and was placed on Administrative Leave at the University of South Florida Police Department from December 4, 2018 - January 21, 2018." (Id.). "On January 8, 2019, the State Attorney's Office made the decision to no file the charges against [] Allen." (Id.).

Allen initiated this action on August 7, 2020, against Officer Suttle, Officer Pacheco, and the City. (Doc. # 1). He filed an amended complaint on August 28, 2020, asserting the following claims: Section 1983 false arrest against Officer Pacheco (Count I); Section 1983 false arrest against Officer Suttle (Count II); Section 1983 violation of freedom of speech against Officer Pacheco (Count III); Section 1983 violation of freedom of speech against Officer Suttle (Count IV); state law false arrest against Officer Pacheco (Count V); state law false arrest against Officer Suttle (Count VI); state law false arrest against the City premised on Officer Pacheco's actions (Count VII); and state law false arrest against the City premised on Officer Suttle's actions (Count VIII). (Doc. # 8).

Now, Officer Suttle and the City seek dismissal of certain claims in the amended complaint. (Doc. ## 21, 22). Allen has responded (Doc. # 31), and the Motions are ripe for review.

## II.  **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its

consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## III. **Analysis**

Officer Suttle seeks dismissal of all claims against him. The City seeks dismissal of the state false arrest claim against it premised on Officer Suttle's actions. The Court will address each claim in turn.

### A. **Section 1983 False Arrest Claim**

In Count II, Allen asserts a claim under Section 1983 for false arrest against Officer Suttle. (Doc. # 8 at 5).

"In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person acting under color of state law; (2) deprived him or her of a right secured by the Constitution." Jones v. Brown, 649 F. App'x 889, 890 (11th Cir. 2016). False arrest is "a violation of the Fourth Amendment and a viable claim under [Section] 1983." Id. "A claim for false arrest arises when an arrest occurs without a warrant and without probable cause." Id.

"[T]o establish [Section] 1983 liability, a plaintiff must show 'proof of an affirmative causal connection' between a government actor's acts or omissions and the alleged

constitutional violation, which 'may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation.'" Simmons v. Eddins, No. 3:15CV163/MCR/EMT, 2015 WL 10433461, at *3 (N.D. Fla. Dec. 14, 2015)(quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)), report and recommendation adopted, No. 3:15CV163/MCR/EMT, 2016 WL 868235 (N.D. Fla. Mar. 4, 2016). "The plaintiff must thus show that the defendant actually made the arrest (or, where the arrest was pursuant to a warrant, that the defendant swore out the affidavit supporting the arrest warrant), or that the defendant was part of the arresting officer's chain of command authorizing the arrest." Id. "Merely being present with the arresting officers at the scene is not enough, unless the plaintiff can show that the defendant officer was part of the chain of command authorizing the arrest action." Brown v. City of Huntsville, 608 F.3d 724, 737 (11th Cir. 2010).

Here, the amended complaint does not allege that Officer Suttle actively participated in Allen's arrest. Instead, the amended complaint alleges that Officer Suttle had "berate[d] and demean[ed]" Allen, at which point Allen asked Officer Pacheco how long he had been an officer and Officer Pacheco "placed [] Allen under arrest." (Doc. # 8 at 4). Thus, the

amended complaint alleges at most that Officer Suttle was
present at the scene when Officer Pacheco decided — by himself
— to arrest Allen. As Officer Suttle persuasively puts it,
Allen "does not allege factual allegations that [Officer]
Suttle made the decision to arrest [Allen] or that [Officer]
Pacheco's decision to arrest [Allen] was based on anything
other than [Officer] Pacheco's own observations." (Doc. # 22
at 3); see Dawson v. Jackson, No. 2:16-CV-01738-RDP, 2017 WL
3620254, at *6 (N.D. Ala. Aug. 23, 2017)("Plaintiff's claim
of false arrest against Defendant Watson falters because
Watson was not the person that performed the arrest. The video
clearly shows that it was Defendant Jackson who arrested
Plaintiff. . . . While Watson called Jackson over and informed
him that Plaintiff was obstructing government operations,
Watson himself did not perform the arrest or in any way
command Jackson to arrest Plaintiff."), aff'd, 748 F. App'x
298 (11th Cir. 2018). And there is no allegation that Officer
Suttle was part of the chain of command authorizing the arrest
by Officer Pacheco.

Allen also argues in his response that Officer Suttle
should be held liable for false arrest because he "had the
opportunity to intervene in the arrest" and "prevent the
arrest," but failed to do so. (Doc. # 31 at 4). True, the

Eleventh Circuit has "not preclude[d] all failure to intervene claims against a present, but non-arresting, officer in false arrest cases" and has said that "a participant in an arrest, even if not the arresting officer, may be liable if he knew the arrest lacked any constitutional basis and yet participated in some way." <u>Wilkerson v. Seymour</u>, 736 F.3d 974, 980 (11th Cir. 2013); <u>Quick v. Geddie</u>, 763 F. App'x 909, 915 (11th Cir. 2019)("An officer who is present and in a position to intervene to prevent another officer from violating the constitutional rights of an arrestee can be held liable for his inaction."). Regarding the failure to intervene theory, one district court has explained:

> In contrast to excessive force cases, where the Eleventh Circuit has recognized a duty to intervene by non-participant officers, the liability of present, non-arresting officers in the context of false arrest cases depends on "both the degree of participation in the arrest and the amount of information available to the non-arresting officer, because a non-arresting officer does not have a duty to investigate the basis of another officer's arrest."

<u>Johnson v. DeKalb Cty., Georgia</u>, 391 F. Supp. 3d 1224, 1246 (N.D. Ga. 2019)(quoting <u>Wilkerson</u>, 736 F.3d at 980), <u>appeal dismissed sub nom.</u> <u>Johnson v. Fulton</u>, No. 19-12552-GG, 2020 WL 3865138 (11th Cir. Jan. 8, 2020).

Nevertheless, although a claim against a present, non-arresting officer for failing to intervene may be viable in certain circumstances, the amended complaint here fails to allege that Officer Suttle had the opportunity to intervene in Allen's arrest. And other assertions in the response — that "Officer Suttle was aware that [] Allen was being arrested and was standing right next to Officer Pacheco when Officer Pacheco placed [] Allen in handcuffs" — are missing from the amended complaint. (Doc. # 31 at 4); see also Gibbons v. McBride, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015)("A complaint may not be amended by briefs in opposition to a motion to dismiss.").

For these reasons, Allen has not pled a plausible claim of false arrest against Officer Suttle. See Brown, 608 F.3d at 736 ("Plaintiff Brown's false arrest claim against Defendant Anderson also fails. Norris, not Anderson, made the decision to arrest Brown. Brown does not identify any conduct of Defendant Anderson that would support a false arrest claim against him."). Thus, Count II is dismissed with leave to amend.

### B.   <u>Section 1983 Freedom of Speech Claim</u>

In Count IV, Allen asserts a claim under Section 1983 against Office Suttle for violating his First Amendment rights. (Doc. # 8 at 7-9).

It is true that "law enforcement officers may not arrest an individual as a way 'to thwart or intrude upon First Amendment rights otherwise being validly asserted.'" <u>Toole v. City of Atlanta</u>, 798 F. App'x 381, 387 (11th Cir. 2019)(citation omitted). Nevertheless, this claim fails for the same reason as the Section 1983 false arrest claim: there is no allegation that Officer Suttle actually participated in Allen's arrest. Thus, Count II is dismissed with leave to amend.

### C.   <u>Florida False Arrest Claims</u>

In Count VI, Allen asserts a claim for state law false arrest against Officer Suttle. (Doc. # 8 at 10). Likewise, in Count VIII, Allen asserts a claim for false arrest against the City for Officer Suttle's action under the theory of vicarious liability. (<u>Id.</u> at 11).

"Under Florida law, a claim for false arrest has three elements: (1) an unlawful detention and de[p]rivation of liberty against the plaintiff's will; (2) an unreasonable detention which is not warranted by the circumstances and (3)

an intentional detention." <u>Deegan v. City of Homestead</u>, No. 16-22820-CIV, 2017 WL 11497366, at *7 (S.D. Fla. Feb. 10, 2017). "The gravamen of the tort of false arrest is the unlawful restraint of a person against that person's will." <u>Id.</u> (quoting <u>City of St. Petersburg v. Austrino</u>, 898 So. 2d 955, 957 (Fla. 2d DCA 2005)). "[T]o be liable for false arrest, a person must actively and personally participate, either directly or indirectly by procurement, in the unlawful restraint of another person against his or her will[.]" <u>Id.</u> (quoting <u>Jibory v. City of Jacksonville</u>, 920 So. 2d 666, 667 n.1 (Fla. 1st DCA 2005)). "Florida law permits a plaintiff to recover against a municipality on a theory of vicarious liability." <u>Mbano v. City of St. Petersburg</u>, No. 8:14-cv-1923-T-30TBM, 2016 WL 777815, at *3 (M.D. Fla. Feb. 29, 2016).

Just as with the Section 1983 false arrest claim, Allen has failed to allege that Officer Suttle directly participated in Allen's arrest. (Doc. # 8 at 3-4). There is no allegation that Officer Suttle participated in Officer Pacheco's decision to arrest Allen or physically restrained Allen during the arrest. <u>See</u> <u>Deegan</u>, 2017 WL 11497366, at *8 ("[T]he Court finds that the Complaint does not allege that Kent <u>directly</u> participated in Plaintiff's arrest. For example, it does not allege that Kent had any role in

11

preparing the arrest warrant, physically restraining Plaintiff, or otherwise depriving Plaintiff of her liberty."). Nor did Officer Suttle indirectly participate in the arrest, because he is not a private citizen who instigated Allen's arrest. See Id. ("[T]he Court finds that the Complaint does not allege that Kent indirectly participated in the arrest by procurement because the 'indirect procurement' theory of liability applies only to a private citizen instigating the arrest of another."). Thus, Count VI against Officer Suttle is dismissed with leave to amend.

Because Allen has not pled a plausible false arrest claim against Officer Suttle, he has not pled a plausible false arrest claim against the City based on Officer Suttle's actions. "Under Florida law, 'where an agent or employee is found to have no liability, then a judgment cannot stand against the principal or employer on the basis of vicarious liability or respondeat superior.'" Hernandez v. Sosa, No. 11-21479-CIV, 2012 WL 4148890, at *7 (S.D. Fla. July 9, 2012)(quoting Molinda v. Watkins, 824 So.2d 959, 963 (Fla. 3d DCA 2002)). Therefore, Count VIII against the City is also dismissed with leave to amend.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant Corey Suttle's Motion to Dismiss (Doc. # 22) is **GRANTED**. Counts II, IV, and VI are dismissed.

(2) Defendant City of Lakeland's Motion to Dismiss (Doc. # 21) is **GRANTED**. Count VIII is dismissed.

(3) If he wishes, Plaintiff John Allen may file a second amended complaint by **October 30, 2020,** only to correct the deficiencies in these counts.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

13