UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN ALLEN,

      **Plaintiff,**

vs.                                      CASE NO. 8:20-cv-1846-T-33JSS

**OFFICER RICHARD PACHECO;**
**OFFICER COREY SUTTLE;**
**and CITY OF LAKELAND,**

      **Defendants.**
_____/

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, JOHN ALLEN, sues the Defendants, OFFICER RICHARD PACHECO, OFFICER COREY SUTTLE and CITY OF LAKELAND, and for his Complaint states:

**JURISDICTION AND VENUE**

1. This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this district because it is where the events complained of occurred.

4. This is an action for damages which exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

5. The incident which gives rise to this cause of action occurred within this jurisdiction and within the applicable statute of limitations and this Honorable Court has jurisdiction.

6. Plaintiff has timely filed his Notice of Claim pursuant to § 768.28, Fla. Stat. (2018), regarding the state tort claims against Defendants. The Defendants have rejected the claim. There

is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

## PARTIES

7. Plaintiff, JOHN ALLEN, is a resident of Polk County, Florida and the United States of America. At the time, Plaintiff was a police officer for the University of South Florida Police Officer.

8. Defendant, OFFICER RICHARD PACHECO, was at all times relevant to this Complaint duly appointed and acting as an officer for the Lakeland Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Lakeland Police Department. Defendant, OFFICER RICHARD PACHECO, is sued in his individual capacity.

9. Defendant, OFFICER COREY SUTTLE, was at all times relevant to this Complaint duly appointed and acting as an officer for the Lakeland Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Lakeland Police Department. Defendant, OFFICER COREY SUTTLE, is sued in his individual capacity.

10. Defendant, CITY OF LAKELAND, is a municipality chartered through the State of Florida which, among its other functions, operates and maintains a law enforcement agency knows as the Lakeland Police Department. Defendant, City of Lakeland, receives federal funds and by and through its officials and employees is under a duty to run its policing activities in a lawful manner so as to preserve the peace to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida. Defendant, CITY OF LAKELAND, does not have immunity for violating the civil

rights of citizens and has waived sovereign immunity for the negligent acts or omissions of its employees arising out of and in the course and scope of their employment complained of herein pursuant to Section 768.28, Florida Statutes.

11. Each and all of the acts of the Defendants, and other members of the Lakeland Police Department involved in this incident were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, and the Lakeland Police Department, under the color of law and by virtue of their authority as law enforcement officers for the Lakeland Police Department. At all times, Defendants were engaged in conduct that was the proximate cause of the violations of Plaintiff, JOHN ALLEN'S, federally protected rights and state law rights, as more particularized herein.

## FACTS GIVING RISE TO THIS CAUSE OF ACTION

12. On December 13, 2018, Mr. Allen, a police officer for the University of South Florida Police Department, was a passenger in a vehicle which was stopped by members of the Lakeland Police Department for a DUI investigation, as a result of the driver entering an intersection without sufficient clearance and concerns with the driving pattern.

13. Officer Suttle, a Drug Recognition Expert, initiated the stop to investigate the driver of the vehicle. While Officer Suttle was conducting his investigation of the driver, several other members of the Lakeland Police Department arrived on scene.

14. Officer Sirera told Mr. Allen not to scream out or interfere with the DUI investigation of the driver of the vehicle, which was being conducted by Officer Suttle. Mr. Allen was respectful and calm and assured Officer Sirera that he would not interfere with the investigation. Mr. Allen behaved as promised.

15. Once the driver of the vehicle was placed in handcuffs and in the back of the police cruiser, Officer Suttle started berating and demeaning Mr. Allen for no reason at all. Mr. Allen responded calmly and was continuously respectful to his fellow law enforcement officers, even when shown great disrespect.

16. Once the driver was arrested, the basis for the stop was complete and therefore Mr. Allen should have been free to leave the scene. Instead, the berating continued. Mr. Allen asked the officers multiple times about the basis of his detainment. This question was never answered.

17. Officer Suttle then yelled to Mr. Allen, "[y]ou're lucky. You just barely missed the threshold for me taking your ass to jail." It is clear from this statement that Officer Suttle would agree that Mr. Allen had not committed any crime at this point. But this doesn't end the encounter.

18. Officer Suttle and the other officers present continued to berate and demean Mr. Allen, asking him how long he has been an officer. Mr. Allen continued to remain calm and politely answered the officers' questions.

19. The berating of Mr. Allen by Officer Suttle and the other officers continued and as a result, Mr. Allen calmly asked Officer Pacheco, "how long have you been a police officer." Officer Suttle then yelled, "You know what, get him, get him." Immediately thereafter, Officer Pacheco states, "I'll take him, I'll take him," and placed Mr. Allen under arrest for resisting arrest. There was no other act that occurred between Mr. Allen's single question and his arrest.

20. Officer Suttle was aware that Mr. Allen was being arrested and was standing right next to Officer Pacheco when Officer Pacheco placed Mr. Allen in handcuffs.

21. As a result of the arrest, Mr. Allen spent 1 day in jail and was placed on Administrative Leave at the University of South Florida Police Department from December 4, 2018-January 21, 2018.

22. On January 8, 2019, the State Attorney's Office made the decision to no file the charges against Mr. Allen.

## COUNT I – SECTION 1983 FALSE ARREST
## CLAIM AGAINST OFFICER PACHECO

23. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 22 above, and further alleges:

24. Plaintiff, JOHN ALLEN, was unlawfully seized by Defendant, OFFICER PACHECO, through the intentional use of force and confinement, when Defendant unlawfully arrested Plaintiff on December 13, 2018.

25. The seizure and arrest of Plaintiff, JOHN ALLEN, without arguable probable cause violated Plaintiff's Fourth Amendment rights.

26. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

27. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

28. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT II – SECTION 1983 FALSE ARREST
## CLAIM AGAINST OFFICER SUTTLE

29. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 22 above, and further alleges:

30. Plaintiff, JOHN ALLEN, was unlawfully seized by Defendant, OFFICER SUTTLE, through the intentional use of force and confinement, when Defendant unlawfully ordered Officer Pacheco to arrest Plaintiff on December 13, 2018.

31. The seizure and arrest of Plaintiff, JOHN ALLEN, without arguable probable cause violated Plaintiff's Fourth Amendment rights.

32. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

33. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

34. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

### COUNT III – 42 U.S.C. § 1983 VIOLATION OF FREEDOM OF SPEECH AGAINST DEFENDANT, OFFICER PACHECO

35. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 22 above, and further alleges:

36. Plaintiff, JOHN ALLEN, was exercising his First Amendment right under the United States Constitution when he asked the Officers how long they have been police officers for. The statement was done in a reasonable time, at a reasonable place, and at a reasonable distance.

37. The context of Plaintiff's statement addressed a public concern because Plaintiff was questioning public officials ability to carry out their duty in a public location, and the statement concerned the interest of the community by enhancing the peaceful system of checks and balances

that exists between the public and law enforcement officials through peaceful and reasonable monitoring and questioning of law enforcement's public behavior in the community.

38. The statement made by Plaintiff was created peacefully, in a public place, in a manner that did not interfere with the ability of law enforcement to conduct their investigation.

39. Plaintiff's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the statement incite an immediate breach of peace, nor did it interfere with law enforcement activity.

40. Defendant, OFFICER PACHECO, failed to use appropriate self-control when Plaintiff, who was using his freedom of speech only, questioned the investigation that Defendant, OFFICER PACHECO was participating in. Defendant, OFFICER PACHECO, failed to respect the First Amendment right of Plaintiff, JOHN ALLEN, to question public servants carrying out a public duty in a public place.

41. Defendant, OFFICER PACHECO'S, retaliatory conduct and physical attack, of authorizing, encouraging, implementing, or otherwise in falsely arresting Plaintiff, JOHN ALLEN, adversely affected Plaintiff's, JOHN ALLEN, First Amendment Freedom of Speech, as he was no longer permitted to exercise his constitutional right and was in fact being punished for doing so.

42. Defendant, OFFICER PACHECO's, actions of authorizing, encouraging, implementing, or otherwise initiating the false arrest of Plaintiff, JOHN ALLEN, in response to constitutionally protected speech not only prevented Plaintiff from exercising his constitutional right, but would deter a person of ordinary firmness from exercising their First Amendment rights. A reasonable person would not want to be, nor expect to be, detained or incarcerated for exercising their First Amendment rights.

43. The seizure and arrest of Plaintiff, JOHN ALLEN, was without probable cause.

44. Defendant, OFFICER PACHECO'S, actions resulted in a violation of Plaintiff's, JOHN ALLEN, First Amendment rights.

### COUNT IV – 42 U.S.C. § 1983 VIOLATION OF FREEDOM OF SPEECH AGAINST DEFENDANT, OFFICER SUTTLE

45. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 22 above, and further alleges:

46. Plaintiff, JOHN ALLEN, was exercising his First Amendment right under the United States Constitution when he asked the Officers how long they have been police officers for. The statement was done in a reasonable time, at a reasonable place, and at a reasonable distance.

47. The context of Plaintiff's statement addressed a public concern because Plaintiff was questioning public officials ability to carry out their duty in a public location, and the statement concerned the interest of the community by enhancing the peaceful system of checks and balances that exists between the public and law enforcement officials through peaceful and reasonable monitoring and questioning of law enforcement's public behavior in the community.

48. The statement made by Plaintiff was created peacefully, in a public place, in a manner that did not interfere with the ability of law enforcement to conduct their investigation.

49. Plaintiff's speech was protected by the First Amendment as it did not inflict injury by its utterance, nor did the statement incite an immediate breech of peace, nor did it interfere with law enforcement activity.

50. Defendant, OFFICER SUTTLE, failed to use appropriate self-control when Plaintiff, who was using his freedom of speech only, questioned the investigation that Defendant, OFFICER SUTTLE was participating in. Defendant, OFFICER SUTTLE, failed to respect the

First Amendment right of Plaintiff, JOHN ALLEN, to question public servants carrying out a public duty in a public place.

51. Defendant, OFFICER SUTTLE'S, retaliatory conduct and physical attack, of authorizing, encouraging, implementing, or otherwise in falsely arresting Plaintiff, JOHN ALLEN, adversely affected Plaintiff's, JOHN ALLEN, First Amendment Freedom of Speech, as he was no longer permitted to exercise his constitutional right and was in fact being punished for doing so.

52. Defendant, OFFICER SUTTLE's, actions of authorizing, encouraging, implementing, or otherwise initiating the false arrest of Plaintiff, JOHN ALLEN, in response to constitutionally protected speech not only prevented Plaintiff from exercising his constitutional right, but would deter a person of ordinary firmness from exercising their First Amendment rights. A reasonable person would not want to be, nor expect to be, detained or incarcerated for exercising their First Amendment rights.

53. The seizure and arrest of Plaintiff, JOHN ALLEN, was without probable cause.

54. Defendant, OFFICER SUTTLE'S, actions resulted in a violation of Plaintiff's, JOHN ALLEN, First Amendment rights.

## COUNT V – STATE LAW FALSE ARREST
## AGAINST OFFICER PACHECO

55. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 22.

56. At all times relevant herein, Defendant, OFFICER PACHECO, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

57. Defendant, OFFICER PACHECO, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

58. The Defendant, OFFICER PACHECO'S, actions were unreasonable and unwarranted under the circumstances.

59. As a further direct and proximate result of the acts, omissions, and conduct of the Defendant, OFFICER PACHECO, the Plaintiff suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT VI – STATE LAW FALSE ARREST
## AGAINST OFFICER SUTTLE

60. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 22.

61. At all times relevant herein, Defendant, OFFICER SUTTLE, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

62. Defendant, OFFICER SUTTLE, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

63. The Defendant, OFFICER SUTTLE'S, actions were unreasonable and unwarranted under the circumstances.

64. As a further direct and proximate result of the acts, omissions, and conduct of the Defendant, OFFICER SUTTLE, the Plaintiff suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

## COUNT VII FALSE ARREST – DEFENDANT, CITY OF LAKELAND
## IN HIS OFFICIAL CAPACITY

65. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 22.

66. Defendant, OFFICER PACHECO's, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false arrest and imprisonment which is actionable against Defendant, CITY OF LAKELAND.

67. The Defendant, OFFICER PACHECO, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

68. Alternatively to Count V, the actions of Defendant, OFFICER PACHECO, as described in paragraphs 1-22 of the Complaint were performed in the course and scope of his employment with the Lakeland Police Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

69. As a direct and proximate result of the acts of Defendant, OFFICER PACHECO, Plaintiff was detained, confined in the Polk County Jail and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

70. Defendant, OFFICER PACHECO, conduct is actionable against Defendant, CITY OF LAKELAND, pursuant to § 768.28, Fla. Stat. (2013).

**COUNT VIII FALSE ARREST – DEFENDANT, CITY OF LAKELAND IN HIS OFFICIAL CAPACITY**

71. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 22.

72. Defendant, OFFICER SUTTLE, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, CITY OF LAKELAND.

73. The Defendant, OFFICER SUTTLE, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

74. Alternatively to Count VI the actions of Defendant, OFFICER SUTTLE, as described in paragraphs 1-22 of the Complaint were performed in the course and scope of his employment with the Lakeland Police Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

75. As a direct and proximate result of the acts of Defendant, OFFICER SUTTLE, Plaintiff was detained, confined in the Polk County Jail and suffered from mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

76. Defendant, OFFICER SUTTLE, conduct is actionable against Defendant, CITY OF LAKELAND, pursuant to § 768.28, Fla. Stat. (2013).

## COUNT IX – SECTION 1983 FAILURE TO PROTECT CLAIM AGAINST OFFICER SUTTLE

77. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 22.

78. Defendant, OFFICER SUTTLE, in failing to prevent the unlawful arrest of Plaintiff when he was in a time and place when he could have done so deprived Plaintiff of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

79. Defendant, OFFICER SUTTLE, was present for the duration of the detention of Plaintiff and was aware there was not even arguable probable cause to arrest Plaintiff.

80. As a direct and proximate result of the conduct of Defendant, OFFICER SUTTLE, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his

feelings, and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

### COUNT X – SECTION 1983 UNLAWFUL SEIZURE CLAIM AGAINST OFFICER SUTTLE

81. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 22.

82. Plaintiff was unlawfully seized by Defendant, Officer Suttle.

83. The warrantless seizure of Plaintiff without arguable probable cause violated Plaintiff's Fourth Amendment rights, or in the alternative, Defendant detained Plaintiff for an unreasonable amount of time.

84. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that there was a justifiable basis to detain Plaintiff once the driver of the vehicle was arrested. At that time, Plaintiff should have been free to leave.

85. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to detain Plaintiff for a reasonable amount of time.

86. The illegal detention led to the arrest of Plaintiff.

87. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of the ability to earn money, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

88. Plaintiff claims and is entitled to punitive damages for the conduct alleged.

### DAMAGES

89. Plaintiff incorporates each and every previous allegation set forth in the general allegations as if fully set forth herein.

90. As a direct and proximate result of the aforementioned actions and omissions of the Defendants, Plaintiff, JOHN ALLEN'S, constitutional rights were violated, and he suffered injuries and damages. Plaintiff seeks recovery from the Defendants of all damages to which he may be entitled under federal law and state law for the injuries and damages Plaintiff sustained and which include, but are not limited to, the following:

  a. Emotional Pain and Suffering of a past, present and future nature;

  b. Loss of Enjoyment of Life of a past, present and future nature;

  c. Loss of Employment;

  d. Lost Wages

  e. Punitive damages for Count I, II, III, IV, V, VI, IX and X;

  f. Pre and Post-Judgment Interest for all 42 UCS § 1983 claims;

  g. Statutory and Discretionary Costs;

  h. Attorney's fees where permitted by 42 USC § 1988 or other statutes;

  i. All such further relief, both general and specific, to which he may be entitled under the premises.

## **REQUEST FOR JURY TRIAL**

Plaintiff, JOHN ALLEN, requests a trial by jury on all issues so triable.

           **MICHAEL P. MADDUX, P.A.**

           *s/Michael P. Maddux*_____
           Michael P. Maddux, Esquire
           Florida Bar Number: 964212
           Trial Counsel for Plaintiff
           2102 West Cleveland Street

Tampa, Florida 33606  
Telephone: (813) 253-3363  
Facsimile: (813) 253-2553  
E-Mail: mmaddux@madduxattorneys.com  
jsalter@madduxattorneys.com  
ctonski@madduxattorneys.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 29th day of October 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

**MICHAEL P. MADDUX, P.A.**

*s/ Michael P. Maddux*
Michael P. Maddux, Esquire